FILED
CLERK
3/8/2016 2:46 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA,
                Plaintiff,

                        ADOPTION ORDER
     -against-                    11-cv-4995 (ADS)(AKT)

THE ESTATE OF HANNAH SOBRANE
HER HEIRS AT LAW, ALEXANDRIA
SOBRANE,IRVING SOBRANE,
NASSAU COUNTY DEPARTMENT OF
SOCIAL SERVICES, SEARS ROEBUCK &
CO., and JONATHAN SOBRANE,

                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Mullen & Iannarone, P.C.**
*Attorneys for the Plaintiff*
300 East Main Street, Suite 3
Smithtown, NY 11787
      By: Dolores M Iannarone, Esq.
          Liberatore Joseph Iannarone, Esq.

**SPATT, District Judge**.

      On October 13, 2011, the Plaintiff the United States of America commenced this action against the Defendants the Estate of Hannah Sobrane, her heirs at law; Alexandria Sobrane, Irving Sobrane, the New York State Commissioner of Taxation and Finance ("NYSCTF"), United States of America Internal Revenue Service ("IRS"), the Nassau County Department of Social Services ("DOS"), Sears Roebuck & Co. ("Sears"), Jonathan Sobrane, and XYZ Corporation, said names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof known as 165 Church Street, Freeport, New York 11520.  The Plaintiff sought to

foreclose on a mortgage and note held by the Plaintiff on a home located in Nassau County formerly owned by the deceased Hannah Sobrane.

On April 2, 2012, the Plaintiff moved for a default judgment, which the Court subsequently referred to United States Magistrate Judge A. Kathleen Tomlinson for a report recommending whether a default judgment should be granted and if so, the amount of damages that should be awarded.

On February 21, 2013, Judge Tomlinson issued a report recommending that (i) the Plaintiff's motion for default be denied as to Hannah Sobrane and Jonathan Sobrane and granted as to the Defendants Alexandria Sobrane, Irving Sobrane, DOS, Sears, and the NYSCTF; (ii) the Plaintiff's request for money judgment be denied; and (iii) Plaintiff's request for an order of foreclosure be denied, without prejudice, pending the submission of further evidence to support the amount of the debt owed on the Note.

On August 20, 2014, the Court so-ordered a stipulation dismissing the action as against the IRS, NYSCF, and XYZ Corp.

On December 29, 2014, the Clerk of the Court issued an amended certificate of default as to Jonathan Sobrane.

On March 26, 2015, the Plaintiff moved for a default judgment as to Jonathan Sobrane.

On October 1, 2016, the Court referred the Plaintiff's motion to Judge Tomlinson for a report and recommendation as to whether a default judgment should be granted and if so, whether damages should be awarded.

On February 8, 2016, Judge Tomlinson issued a report recommending that the Court deny the Plaintiff's motion without prejudice and with leave to refile with additional documentation substantiating the debt allegedly owed under the Note (the "R&R").

On February 29, 2016, the Plaintiff filed a request for a default judgment, together with a supplemental declaration purporting to cure the deficiencies identified in the February 8, 2016 R&R. However, the Plaintiff has not filed any specific objections to the R&R.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 8, 2016 R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the February 8, 2016 R&R is adopted in its entirety. In light of the two previous opportunities the Court has afforded the Plaintiff to move for a default judgment, the Court adds that the Plaintiff may renew its motion for default judgment one final time within thirty days of the date of this Order. No further extensions will be granted and failure to so move may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41.

**SO ORDERED.**
Dated: Central Islip, New York
March 8, 2016

                                          _/s/ Arthur D. Spatt_
                                          ARTHUR D. SPATT
                                          United States District Judge