FILED
CLERK
9:43 am, Feb 15, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------
UNITED STATES OF AMERICA,
                Plaintiff,
      -against-

THE ESTATE OF HANNAH SOBRANE her heirs at law, ALEXANDRIA SOBRANE, IRVING SOBRANE, DEPARTMENT OF SOCIAL SERVICES, NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, SEARS ROEBUCK & CO., JONATHAN SOBRANE,
                Defendants.
---------------------------------------------------------X

**ADOPTION ORDER**
11-cv-4995 (ADS)(AKT)

**APPEARANCES:**

**Mullen & Iannarone, P.C.**
*Attorneys for the Plaintiff*
300 East Main Street
Suite 3
Smithtown, NY 11787
    By:    Dolores M Iannarone, Esq.,
           Liberatore Joseph Iannarone, Esq., Of Counsel

**NO APPEARANCES:**

**The Estate Of Hannah Sobrane Her Heirs At Law, Alexandria Sobrane, Irving Sobrane, Department Of Social Services, Nassau County Department Of Social Services, Sears Roebuck & Co., Jonathan Sobrane**
*The Defendants*

**SPATT, District Judge**.

      On October 13, 2011, the Plaintiff United States Of America (the "Plaintiff") commenced this action against the Estate Of Hannah Sobrane Her Heirs At Law, Alexandria Sobrane, Irving Sobrane, Department Of Social Services, Nassau County Department Of Social Services, Sears Roebuck & Co., Jonathan Sobrane (the "Defendants") seeking to foreclose on a Home Equity Conversion Mortgage ("HECM") duly executed by Hannah Sobrane. The HECM was insured

1

by and ultimately assigned to the United States Secretary of Housing and Urban Development (the "Secretary") pursuant to Section 255 of the National Housing Act ("NHA"), 12 U.S.C. § 1715z-20, which authorizes the Secretary to "carry out a program of mortgage insurance designed to meet the special needs of elderly homeowners . . . through the insurance of home equity conversion mortgages to permit the conversion of a portion of accumulated home equity into liquid assets[.]" 12 U.S.C. § 1715z-20

On March 30, 2012, and December 29, 2014, respectively, the Clerk of the Court noted the default of the Defendants.

On April 13, 2016, the Plaintiff filed a renewed motion for a default judgment against the Defendants.

On April 14, 2016, this Court referred the Plaintiff's motion for default judgment to United States Magistrate A. Kathleen Tomlinson for a report and recommendation as to whether the default judgment should be granted and, if so, whether damages should be awarded.

On January 31, 2017, Judge Tomlinson issued a report and recommendation (the "R&R") recommending that default judgment be granted, and that the Plaintiff be awarded damages in the amount of $266,304.72. The Plaintiff filed proof of service of the R&R to the Defendants on February 2, 2017.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1

2

(E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Clerk of the Court is directed to enter judgment for the Plaintiff in accordance with the R&R, and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York

February 15, 2017

 _/s/ Arthur D. Spatt_  
ARTHUR D. SPATT  
United States District Judge